# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2022

Lyle W. Cayce
Clerk

No. 21-60203
Summary Calendar

---

ANA MIRNA AGUIRRE-SOLANO; AXEL MAXIMILIANO
ALVARADO-AGUIRRE; OSBALDO VLADAMIR ALVARADO-RIVAS;
HEYSEL AYLIN ALVARADO-SOLANO,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 227 567
Agency No. A209 227 568
Agency No. A208 761 619
Agency No. A208 761 620

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

Per Curiam:*

Ana Mirna Aguirre-Solano and Osbaldo Vladamir Alvarado-Rivas, natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal from a decision of the Immigration Judge (IJ) denying their consolidated applications for asylum and withholding of removal.[1]  Although they raise numerous arguments in their petition for review, we have jurisdiction to consider only their arguments that the BIA and IJ erroneously concluded that they failed to show membership in a cognizable particular social group (PSG) and a nexus, as these are the only exhausted claims. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360-61 (5th Cir. 2022); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

We review their challenge to the BIA's PSG determination under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  The petitioners have not met these standards with respect to the BIA's rejection of their proposed PSG and thus have not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether they were eligible for relief. *See Jaco v. Garland*, 24 F.4th 395, 401, 403, 407 (5th Cir. 2021); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Concomitantly, there is no need to consider nexus. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  The petition for review is DENIED in part and DISMISSED in part.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Petitioners are a wife, husband, and their minor children.